aches, and from buzzing and pain in the ear, and her weight had been reduced from 140 to 120 pounds; and the physician testified that during the three weeks he was attending her he found, in addition to her other injuries, bleeding of the ear and swelling of the head, and the injuries to her head amounted to concussion of the brain. Unless it is assumed that the conditions which the plaintiff describes resulting from concussion of the brain,—headaches and pain and buzzing in the ear,—down to the time of the trial, should thereupon immediately cease, there was, we think, some evidence, though slight, upon the question of future pain and suffering. Whether there was or not, however, was left to the jury to determine; and the right, under the evidence, to present the question to the jury not having been called to the attention of the court, an exception to what was, as an abstract proposition of law, a correct rule of damages, presents no reversible error. That the defendant was in no way injured by what was said upon the subject of damages appears from the clear and able charge of the judge, which carefully eliminated every element of damage other than those for which recovery could be had. The verdict of $1,400, considering the extent and nature of the plaintiff's injuries, must be regarded as moderate and fair.

We think that the judgment and order should be affirmed, with costs.

RUMSEY and HATCH, JJ., concur.

VAN BRUNT, P. J. (dissenting). I think it was error to leave to the jury the question of damages for future pain and suffering. There was no evidence to show what would be the probable duration of the pains, if they existed at the trial, and the jury were simply allowed to speculate upon this point. The question of future pain and suffering was left entirely to the imagination of the jury. There was no evidence to guide them.

INGRAHAM, J., concurs.

---

ADLER v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. January 29, 1901.)

APPEAL — CONTRIBUTORY NEGLIGENCE — TRIAL — MOTION TO DISMISS—EXCEPTIONS.

Where, in an action for injuries caused by defendant's negligence, the defendant did not claim at the trial that plaintiff was not entitled to recover because of his contributory negligence, and did not move to dismiss or take any exceptions to the charges of the court, it cannot urge such ground to reverse a judgment on a verdict for plaintiff, since, by not moving to dismiss, defendant conceded that a case to warrant a submission to the jury had been made.

Appeal from trial term.

Action by Joseph Adler against the Metropolitan Street-Railway Company. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before McCARTHY and CONLAN, JJ.

Henry A. Robinson, for appellant.
Herman Fox, for respondent.

CONLAN, J. The action was for damages for an injury alleged
to have been caused to the plaintiff by the negligence of the defend-
ant. The evidence upon the trial was somewhat in conflict as to
the manner in which the accident occurred, but, as no motion was
made to dismiss, it is apparent that the defendant conceded there
was sufficient to warrant a submission to the jury; nor was any
exception taken by the defendant to the charges of the court, and
we naturally conclude that the same was entirely fair to the defend-
ant. The defendant relies upon the broad ground that the plaintiff
was not entitled to any verdict, because of his contributory negli-
gence, but in the whole course of the trial he failed to present that
view to the trial justice. We do not think he has, either by motion
or exception, brought himself to a position or condition where we
may interfere to disturb the verdict, as we have seen that all of the
evidence was submitted to the jury under the charge of the court
without exception, and the conclusions thus reached should, we think,
be allowed to stand.

Judgment and order appealed from affirmed, with costs.

McCARTHY, J., concurs.